### KLEE *v.* SCHRAM.

MORTGAGES—MORATORIUM RELIEF—HOMESTEADS.

> Building which consisted of a store, a kitchen and dining room and 2 wash rooms on first floor, 7 rooms and a bath on second floor, and 9 rooms and a bath on third floor *held*, not a homestead within meaning of mortgage moratorium act confining extensions of periods for redemption to premises occupied for such purposes notwithstanding mortgagor, her daughter and granddaughter occupied the second floor of such building and rented 11 rooms located on third floor thereof and in other nearby buildings covered by same mortgage (Act No. 98, § 14, Pub. Acts 1933, as added by Act No. 7, Pub. Acts 1938 [Ex. Sess.]).

Appeal from Wayne; Callender (Sherman D.), J. Submitted April 13, 1939. (Docket No. 90, Calendar No. 40,478.) Decided June 5, 1939.

Bill by Marie Klee against B. C. Schram, receiver of First National Bank-Detroit, for moratorium relief. On petition for extension of moratorium. Petition denied. Plaintiff appeals. Affirmed.

*Donald B. Frederick,* for plaintiff.

*Robert S. Marx, Lawrence I. Levi,* and *Thomas L. Conlan,* for defendant.

POTTER, J. Plaintiff and her husband were the owners as tenants by the entirety of the premises here involved. June 19, 1925, they were mortgaged to the Peoples State Bank of Detroit for $25,000. This mortgage was foreclosed by advertisement and the premises sold February 4, 1935. February 1,

1936, plaintiff, as survivor of herself and husband, claiming to be the owner in fee of the premises, filed a bill in chancery to obtain moratorium relief. An order granting the relief prayed was made February 26, 1936, and this order was extended from time to time until 1938. October 11, 1938, a petition was filed for further extension of the moratorium to July 1, 1939. The trial court found the premises were not within the meaning of Act No. 98, § 14, Pub. Acts 1933, as added by Act No. 7, Pub. Acts 1938 (Ex. Sess.) (Stat. Ann. 1939 Cum. Supp. § 27.1333[1]), and that plaintiff was not entitled to the relief prayed. Plaintiff appeals.

There is no dispute about the facts. It is agreed that three buildings constitute the premises involved, being 1229 Hastings street, 1233 Hastings street, and 1245 Hastings street, in the city of Detroit, Michigan. All three buildings are included in the mortgage involved herein. In the building located at 1229 Hastings street there are five rooms and one bath on the first floor, and five rooms and one bath on the second floor. In the building located at 1233 Hastings street there are two stores located on the first floor, and eleven rooms on the second floor. In the building located at 1245 Hastings street, at the corner of Macomb, there are on the first floor a store, a kitchen and dining room, and two wash rooms; on the second floor there are seven rooms and one bath; and on the third floor there are nine rooms, one bath and shower and one lavatory and shower. Since 1933, plaintiff and appellant has occupied the second floor of 1245 Hastings street as her home. A daughter of plaintiff and appellant and her 14 year old little girl do, and have, resided with plaintiff and appellant in these premises. Eleven other rooms located on the second floor of these premises and on

the second and third floors of 1233 Hastings street are rented out by plaintiff.

If plaintiff is entitled to a homestead, it must be by reason of her occupation of the second floor of 1245 Hastings street. The question here is, whether those premises constitute a homestead within the meaning of the act.

By Act No. 98, § 14, Pub. Acts 1933, as added by Act No. 7, Pub. Acts 1938 (Ex. Sess.), it is provided:

"The extension of the moratorium provisions of this act from the first day of November, nineteen hundred thirty-eight, to the first day of July, nineteen hundred thirty-nine, shall apply only to any person or persons having any freehold interest in homesteads as herein defined."

Act No. 98, § 14, subd. 2, Pub. Acts 1933, as added by Act No. 7, Pub. Acts 1938 (Ex. Sess.), defines a homestead as:

"Any single dwelling house or two-family house with a private garage and out buildings located on not to exceed four lots in any city, village or recorded plat owned and occupied as a home or legally claimed as a homestead at any time from and after February fourteen, nineteen hundred thirty-three, by the owner of the fee or other freehold interest, or of the vendee's interest under land contract."

The premises in question are neither a single dwelling house nor a two-family house, but, as stipulated, the building at 1245 Hastings street contains a store, a kitchen and dining room and two wash rooms on the first floor; on the second floor seven rooms and a bath; and on the third floor there are nine rooms, one bath and shower and one lavatory and shower; and plaintiff occupies the second floor of 1245 Hastings street as her home. In addition to what is occupied, there are eleven other rooms lo-

cated on the second floor of these premises and on the second and third floors of 1233 Hastings street which are rented out, and in addition to that there is a store on the first floor. The premises do not fall within the provisions of the moratorium act in question. The trial court reached a correct conclusion.

Decree affirmed, with costs.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, CHANDLER, NORTH, and McALLISTER, JJ., concurred.